IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 13-cv-02210-MSK-KLM

FRANKLIN JONES,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., doing business as Wells Fargo Mortgage,

    Defendant.

---

ORDER ADOPTING RECOMMENDATION AND GRANTING MOTION FOR
DEFAULT JUDGMENT

---

**THIS MATTER** comes before the Court on the Magistrate Judge's Recommendation (**#20**) to grant Plaintiff Franklin Jones' Motion for Default Judgment (**#17**). Mr. Jones filed a timely Objection (**#21**).

### I.    ISSUE PRESENTED

Mr. Jones' Complaint (**#1**) alleges that the Defendant, Wells Fargo Bank, engaged in wrongful foreclosure practices that caused him to lose his home.[1] Mr. Jones asserts a claim for intentional interference with contractual relations. Mr. Jones filed a Motion for Default Judgment (**#17**) requesting damages in the amount of $203,248, including $25,000 for emotional distress.

The Motion was referred to the Magistrate Judge who recommended that the Court grant the Motion for Default Judgment and award Mr. Jones damages in the amount of $14,425.88.

---

[1] The Court incorporates by reference the background facts as set forth in the Recommendation. To the extent specific facts are relevant to the decision here, they are referenced in the analysis.

However, the Magistrate Judge concluded that Mr. Jones was not entitled to any damages for emotional distress because his assertions that he "experienced humiliation, frustration, anxiety and sleeplessness" were insufficient to provide a reasonable basis to determine an amount of damages for emotional distress.

Mr. Jones objects only to the portion of the Recommendation denying his request for damages related to emotional distress.

## II.   STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court reviews *de novo* determination those portions of the recommendation to which a timely and specific objection is made. *See United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.,* 73 F.3d 1057, 1060 (10th Cir. 1996).

## III.   ANALYSIS

Because Mr. Jones objects to only the portion of the Recommendation denying his request for damages related to emotional distress, the Court reviews that issue de novo.[2] In this case, the Court exercises jurisdiction pursuant to 28 U.S. C. § 1332.

The claim asserted arises under and is governed by state law — here, Colorado law. Under Colorado law, a plaintiff may recover damages for intentional interference with contract, but only if the injuries are reasonably to be expected to result from the interference. *Westfield Dev. Co. v. Rifle Inv. Associates*, 786 P.2d 1112, 1121 (Colo. 1990) (quoting Restatement (Second) of Torts § 774A(1)(c)). To recover damages, a plaintiff must show an injury and

---

[2] The Court has also reviewed the unobjected-to portions of the Recommendation de novo and discerns no error.

produce evidence sufficient to permit a reasonable estimation of damages. *Hauser v. Rose Health Care Sys.*, 857 P.2d 524, 531 (Colo. App. 1993).

The Court has some doubt that damages for emotional distress can be awarded for this type of interference with a contract[3], but assuming such damages can be awarded, Mr. Jones has not provided sufficient evidence for an award. Mr. Jones states in his affidavit that he has and continues "to suffer emotional distress and mental anguish as a result of [Defendant's] actions". He specifically states that he experienced "humiliation, frustration, anxiety and sleeplessness, the value of which is $25,000." However, his affidavit contains no reference to specific physical, emotional or mental symptoms, to any treatment obtained, or any explanation of why such losses should be compensated at $25,000. The Court finds such statements to be conclusory and insufficient to permit a reasonable estimation of Mr. Jones' losses. Accordingly, his request for such damages is denied.

## IV.   CONCLUSION

For the foregoing reasons, Mr. Jones' Objection (**#21**) to the Magistrate Judge's Recommendation (**#20**) is overruled. The Court **ADOPTS** the Recommendation and **GRANTS** Mr. Jones' Motion for Default Judgment (**#17**). The Court directs the Clerk of the Court to close this case and enter judgment in favor of Mr. Jones in accordance with the Magistrate Judge's Recommendation.

Dated this 7th day of August, 2014.

**BY THE COURT:**

---

[3] It is quite natural to expect, even in the properly conducted foreclosure, that a homeowner will experience embarrassment, frustration, disappointment, and inconvenience. Here, Mr. Jones' economic losses were minimal. His home was over-encumbered by at least $50,000 and during the course of relations with the Defendant, there were numerous months when he did not make or the Defendant did not accept payment.

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
Chief United States District Judge